Cr 22-322 (SRN/TNL)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal File No. _____ |
| Plaintiff, | |
| v. | **INDICTMENT** |
| MATTHEW THOMAS ONOFRIO, | (18 U.S.C. § 1344) |
| Defendant. | |

THE UNITED STATES GRAND JURY CHARGES:

1. From on or about sometime in 2020 until on or about August 5, 2022, defendant MATTHEW THOMAS ONOFRIO ("ONOFRIO") devised and executed a scheme and artifice to defraud federally-insured financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, and omissions of material fact.

2. It was part of the scheme to defraud that ONOFRIO marketed a program for investors to acquire commercial real estate located in various states. ONOFRIO operated a business entity called Northwoods Management LLC in furtherance of the scheme.

3. It was further part of the scheme to defraud that ONOFRIO or an entity ONOFRIO controlled would enter into a purchase agreement for a property for a specified price. ONOFRIO would separately agree with the investor that the investor would purchase the property for a higher price.

4. It was further part of the scheme to defraud that ONOFRIO caused the submission of false information to lenders financing the investor's purchase of the

property.  ONOFRIO caused funds to be wired from a Northwoods Management LLC account to the investor's account to create the appearance that the investor had more assets available than the investor in fact had.  The investor then wired the funds back to the account controlled by ONOFRIO.  The investor's true assets were a material fact to a lender, and the fact that funds had been deposited temporarily from a different entity and then returned was also a material fact to a lender.

5.     It was further part of the scheme to defraud that ONOFRIO would lend funds to the investor to assist in the purchase.  ONOFRIO called this loan the "seller carry." ONOFRIO directed that the "seller carry" not be disclosed to the bank financing the investor's purchase.  The fact the investor borrowed part of the purchase price from ONOFRIO was a material fact to a lender, and the fact the investor incurred an additional undisclosed debt at the time of the purchase was also a material fact to a lender.

6.     It was further part of the scheme to defraud that ONOFRIO altered purchase agreements to support higher appraisals of properties being purchased.  The altered purchase agreements and inflated appraisals in turn were submitted to lenders to support a larger loan to the investor purchasing the property.  The true purchase price of a property is a material fact to a lender, and whether an appraisal is based on a true purchase price is also a material fact to a lender.

7.     At all times material to this indictment, MidCountry Bank was a financial institution located in the State of Minnesota whose deposits were insured by the Federal Deposit Insurance Corporation.

U.S. v. Matthew Thomas Onofrio

## COUNTS 1-3
(Bank Fraud)
18 U.S.C. § 1344

8. The grand jury realleges and incorporates paragraphs 1-7 as if fully set forth herein.

9. On or about the following dates, in the State and District of Minnesota and elsewhere, the defendant,

**MATTHEW THOMAS ONOFRIO,**

did knowingly and intentionally devise and engage in and attempt to engage in a scheme and artifice to defraud and to obtain funds from MidCountry Bank, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, promises, and omissions of material facts, and in furtherance of said scheme did cause the following:

| COUNT | ON OR ABOUT | ACT IN FURTHERANCE OF SCHEME |
|---|---|---|
| 1 | 06/03/2021 | Wire transfer of $3,250,000 to account of investor C.F. in support of an application for a $9,700,000 loan to purchase property in Saint Cloud, Minnesota |
| 2 | 08/11/2021 | Wire transfer of $430,000 to account of investor P.C. as part of the down payment to purchase property in Sauk Centre, Minnesota |
| 3 | 09/09/2021 | Wire transfer of $9,500,000 to account of investor B.H. in support of an application for a $24,240,000 loan to purchase property in Elk River, Minnesota |

10. All in violation of Title 18, United States Code, Sections 1344 and 2.

<u>U.S. v. Matthew Thomas Onofrio</u>

## FORFEITURE ALLEGATIONS

Upon conviction of any of Counts 1-3 of this Indictment, the defendant,

**MATTHEW THOMAS ONOFRIO,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds he obtained, directly or indirectly, as a result of his violations of Title 18, United States Code, Section 1344, including but not limited to $35,745,252.97 seized from Premier Bank of Rochester account no. 201012155.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All in violation of Title 18, United States Code, Sections 982(a)(1), 982(a)(2)(A), and 1344.

A TRUE BILL

_____           _____
UNITED STATES ATTORNEY                    FOREPERSON