UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Matthew Thomas Onofrio<br><br>Defendant. | Case No. 22-cr-322 (SRN/TNL)<br><br>**ORDER ON MIDCOUNTRY BANK'S MOTION FOR EXTENSION OF TIME TO FILE PETITION CONTESTING FORFEITURE** |

Michael E. Obermueller, Winthrop & Weinstine, P.A., 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, for MidCountry Bank

Craig R. Baune and Robert M. Lewis, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

Marsh J. Halberg and Katherine Running, Halberg Criminal Defense, 7900 Xerxes Avenue South, Suite 1700, Bloomington, MN 55431, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on third party MidCountry Bank's Motion for Extension of Time to File Petition Contesting the Forfeiture of Funds Seized from Matthew T. Onofrio on August 5, 2022 [Doc. 48]. For the reasons below, the Court denies the motion without prejudice.

Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853 govern criminal forfeiture proceedings. "As soon as practicable after a verdict or finding of guilty," the district court "must determine what property is subject to forfeiture under the applicable

- 1 -

statute" and "promptly enter a preliminary order of forfeiture . . . . without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(1)(A), (b)(2)(A). Once the preliminary order is issued, the Government may "begin ancillary proceedings" regarding third-party rights to the property "by notifying third parties." *United States v. Schwartz Family Trust*, 67 F.4th 505, 514–15 (2d Cir. 2023); *see also United States v. Marion*, 562 F.3d 1330, 1339 (2009). To do so, the Government "must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Fed. R. Crim. P. 32.2(b)(6)(A).

Third parties have thirty days from "the final publication of notice or [their] receipt of [direct written] notice, whichever is earlier," to "petition the court for a hearing to adjudicate the validity of" their asserted legal interests in the property. § 853(n)(2). "If no third parties file a petition within" that time, "'the United States shall have clear title to property that is the subject of the order of forfeiture.'" *United States v. Puig*, 419 F.3d 700, 703 (8th Cir. 2005) (quoting § 853(n)(7)); *see also Marion*, 562 F.3d at 1339 ("The failure to file a petition within this thirty-day time period extinguishes a third-party's interests."). But if a third party files a claim, the order of forfeiture will be "subject to amendment in favor of a third party pending conclusion of the ancillary proceeding," even after it becomes final as to the defendant at the time of sentencing. Fed. R. Crim. P. 32.2 advisory committee's notes (2000); *see also* Fed. R. Crim. P. 32.2(b)(4)(A).

This ancillary proceeding "is the only avenue by which a third-party claimant may seek to assert an interest in property that has been included in" the property. *Puig*, 419 F.3d at 703 (citing § 853(k)). It does not "relitigate the underlying forfeiture against the criminal

defendant" but instead deals only with whether the petitioner has "'a legal right, title, or interest . . . superior to [that of] the defendant at the time of the acts which gave rise to the forfeiture.'" *United States v. Mills*, 18 F.4th 573, 577 (8th Cir. 2021) (quoting § 853(n)(6)); *see also United States v. White*, 675 F.3d 1073, 177–78 (8th Cir. 2012). It more or less operates as its own civil proceeding, "incorporat[ing] certain procedures prescribed by the Federal Rules of Civil Procedure, such as discovery and motions to dismiss or to grant summary judgment." *Mills*, 18 F.4th at 577 (citing Fed. R. Crim P. 32.2(c)(1)).

On July 10, 2023, Defendant Onforio pleaded guilty to bank fraud, 18 U.S.C. § 1344. (*See* Doc. 26.) And on August 16, 2023, the Court issued a Preliminary Order of Forfeiture [Doc. 30] of more than $35 million in funds seized from a Premier Bank of Rochester account. The Preliminary Order specifically noted that it would "become final as to the defendant at the time of sentencing" but not as to third parties until after "the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions."

For at least 30 days starting on August 22, 2023, the Government published notice of the forfeiture on www.forfeiture.gov. (*See* Doc. 31.) But it did not directly notify MidCountry of the Preliminary Order. (Doc. 49 ¶ 8; Doc. 50 ¶¶ 9–10; Doc. 53 ¶ 5.) Counsel for MidCountry discovered the Preliminary Order on August 17, 2024, and sought consent from the Government to extend the deadline to file a petition. (Doc. 50 ¶ 10.) But it was not until September 12, 2024, that an Assistant United States Attorney told counsel

- 3 -

for MidCountry that the Government would not consent. (*Id.*) On October 2, 2024, MidCountry then filed the motion that is before the Court. (*See* Doc. 48.)

MidCountry asks the Court for an "extension of the deadline" to file a petition and for Federal Rule of Civil Procedure 60(b) relief from the Preliminary Order, which it believes is now a final order. (*Id.* at 1, 24.) It argues that the Government failed to provide the direct written notice required by Federal Rule of Criminal Procedure 32.2(b)(6). (*Id.* at 6–8, 14–18.) In response, the Government does not assert that MidCountry's time has expired. Rather, it argues that the order is not yet final, making the motion procedurally improper. (Doc. 52 at 7.) In its view, "MidCountry can simply file its petition" without prior authorization "[b]ecause Onofrio has not been sentenced and no Final Order of Forfeiture has been issued." (*Id.* at 1.) After MidCountry files a petition, "the Government may move to dismiss" it, but "the pending motion, which would preemptively bar filing of a timing-based motion to dismiss, should not be permitted." (*Id.* at 9.)

The Court agrees that there is nothing stopping MidCountry from filing a petition. MidCountry is correct that a third party "may file a motion under Rule 60(b) of the Federal Rules of Civil Procedure to reopen the ancillary proceeding" when the third party "claims that he or she was not afforded adequate notice of a criminal forfeiture action." *See* Fed. R. Crim. P. 32.2 advisory committee notes (2000). But that mechanism is for when the forfeiture is final and the ancillary proceeding is closed. *Cf. Puig*, 419 F.3d at 702 (reviewing district court's denial of Rule 60(b) motion to reopen a final forfeiture order brought after dismissal of untimely third-party petition); *Mills*, 18 F.4th at 577 (same after grant of summary judgment to the Government in the ancillary proceeding).

The ancillary proceeding has not yet closed. The Court has not docketed a final order of forfeiture. The Preliminary Order will not be final as to the defendant until sentencing (or until the defendant consents to forfeiture). Fed. R. Crim. P. 32.2(b)(4)(A). And if MidCountry is correct that the Government failed to provide proper notice under Rule 32.2(b)(6), the thirty-day clock has not started ticking and the Preliminary Order "remains preliminary as to third parties." Fed. R. Crim. P. 32.2(b)(4)(A). While MidCountry may be rightly concerned that the Government will argue the petition is untimely, *see Marion*, 562 F.3d at 1339–40; *Schwartz*, 67 F.4th at 514–15; *United States v. Grossman*, 501 F.3d 846, 848–49 (7th Cir. 2007), that is an issue the Government may choose to raise—or not—in a motion within the ancillary proceeding, *see Mills*, 18 F.4th 572; Fed. R. Crim. P. 32.2(c)(1). And if the Government does so, MidCountry may oppose the Government's motion and make its notice argument.

## CONCLUSION

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that MidCountry Bank's Motion for Extension of Time to File Petition Contesting the Forfeiture of Funds Seized from Matthew T. Onofrio on August 5, 2022 [Doc. 48] is **DENIED WITHOUT PREJUDICE**.

Dated:  October 23, 2024

                                                         s/Susan Richard Nelson
                                                         SUSAN RICHARD NELSON
                                                         United States District Judge